# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. |
| | ) |
| MEDICAL WEIGHT LOSS CENTERS, LLC and HERBERT W. VINCENT, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Country Mutual Insurance Company for its Complaint for Declaratory Judgment against Defendant Medical Weight Loss Centers, LLC and Defendant Herbert W. Vincent under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, states:

## PARTIES, JURISDICTION AND VENUE

1. Country Mutual Insurance Company ("Country Mutual") is an Illinois insurance corporation authorized to transact business in the State of Missouri.

2. Defendant Medical Weight Loss Centers, LLC ("MWLC") is a limited liability company organized and existing under the laws of the State of Missouri. On information and belief, the member(s) of MWLC are citizens of the State of Missouri.

3. Defendant Herbert W. Vincent is an individual residing in St. Louis County, Missouri. Defendant Herbert W. Vincent is a citizen of the State of Missouri.

4. Jurisdiction is proper with this Court pursuant to 28 U.S.C. §§ 2201-2202 since Country Preferred seeks a determination of its rights and obligations under a policy of insurance

which has a liability coverage limit of $1,000,000. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Country Preferred and the Defendants, and the amount in controversy exceeds Seventy-Five Thousand ($75,000), exclusive of interest and costs.

5. Venue is proper in the Eastern District of Missouri under 28 U.S.C. 1391(a) because a substantial part of the events giving rise to the claim occurred in St. Louis County, Missouri, within this judicial district and Defendants reside within this judicial district.

**General Allegations**

6. Country Mutual brings this action seeking the interpretation of an insurance policy issued in Missouri to MWLC and a declaration of its rights and obligations to MWLC under the policy.

7. Country Mutual issued a business insurance policy ("the Insurance Policy") to MWLC with effective dates of February 27, 2016 through February 27, 2017. A true and accurate copy of the Insurance Policy, no. AM 9174322 02, is attached as Exhibit 1 and adopted by reference.

8. MWLC is identified as the named insured on the declaration pages of the Insurance Policy.

9. Subject to certain provisions, conditions and exclusions, the Insurance Policy provides liability coverage to MWLC as the named insured.

10. On or about December 7, 2017, Defendant Vincent instituted suit ("the Lawsuit") in the Circuit Court of St. Louis County against MWLC and four other defendants. A true and accurate copy of the petition filed in the Lawsuit is attached as Exhibit 2 and adopted by reference.

11. In summary, the petition in the Lawsuit alleges that Defendant Vincent paid for stem cell treatments promoted and administered by MWLC and other defendants. The petition further alleges that false/misleading statements were made by agents and representatives of MWLC to induce Defendant Vincent to pay $19,000 for the stem cell treatments, including statements about the qualifications of James Briggs, D.C. and the efficacy of the proposed treatment. Among other allegations, the petition alleges that Defendant Vincent was promised the treatments would relieve his pain and was wrongfully advised to discontinue the use of anti-inflammatory medication. The petition asserts Defendant Vincent received no relief from his discomfort from the stem cell injection treatments to his knees, wrists and back. The petition seeks recovery of money damages, including punitive damages and attorneys' fees.

12. Defendant MWLC has requested that Country Mutual defend and indemnify MWLC for the claims asserted in the Petition. Country Mutual has provided a defense to MWLC in the Lawsuit under a reservation of rights.

13. The Insurance Policy issued to MWLC provides in relevant part as follows:

> SECTION II- LIABILITY
>  A.  Coverage
>
> **1. Business Liability**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result.
> .         .         .

**Definitions**

. . .

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

17. "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
. . .

**b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.
. . .

**j. Professional Services**
"Bodily injury", "property damage" or "personal and

4

>  advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:
>
>  . . .
>
>  **(4)** Medical, surgical, dental, X-ray or nursing services treatment, advice or instruction;
>
>  **(5)** Any health or therapeutic service treatment, advice or instruction;

14. The Policy contains the following endorsement:

PUNITIVE DAMAGES EXCLUSION

>  This insurance does not apply to sums awarded for punitive or exemplary damages. These include damages which may be imposed to punish a wrongdoer or deter others from similar conduct. Except that if a "suit" shall have been brought against any insured with respect to a claim for acts or alleged acts falling within the coverage hereof, seeking both compensatory and punitive or exemplary damages, then we will afford a defense to such action without liability, however, for such punitive or exemplary damages.

15. A justiciable controversy exists between Country Mutual and MWLC as to whether Country Mutual is obligated to defend or indemnify MWLC under the Policy for the claims asserted in the Lawsuit.

16. Under the language of the Policy, Country Mutual is not obligated to defend or indemnify MWLC under the Policy for the claims asserted in the Lawsuit.

17. A legally protectable interest of Country Mutual is at stake: namely, the scope of its obligations to Defendant MWLC in relation to the claims asserted in the Lawsuit.

18. All necessary and proper parties are before the Court with respect to the matters in controversy.

19. The controversy between Country Mutual and Defendants is ripe for judicial resolution because MWLC has made a demand for defense and indemnity and the Lawsuit is ongoing in the Circuit Court of St. Louis County.

20. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

21. Country Mutual does not have an adequate remedy at law.

22. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between Country Mutual and the Defendants under the Policy.

WHEREFORE, Plaintiff Country Mutual Insurance Company requests that the Court enter a judgment in its favor and against Defendants as follows:

a. declaring that Plaintiff Country Mutual Insurance Company is not obligated to defend or indemnify Medical Weight Loss Center, LLC for the claims asserted in the lawsuit styled *Herbert W. Vincent v. James A. Briggs*, DC, *et al.*, No. 17SL-CC04508 (Circuit Court of St. Louis County);

b. awarding Plaintiff Country Mutual Insurance Company its costs; and

c. providing all other relief that is just.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ David T. Butsch
    David T. Butsch #37539MO
    Christopher E. Roberts #61895MO
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    Butsch@ButschRoberts.com
    Roberts@ButschRoberts.com

    Attorneys for Plaintiff Country Mutual
    Insurance Company