**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1560 DDN |
| | ) | |
| MEDICAL WEIGHT LOSS CENTERS, LLC, and HERBERT W. VINCENT, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION

This action is before the Court upon several motions of plaintiff Country Mutual Insurance Company for default judgment against defendant Medical Weight Loss Centers, LLC, ("Centers") (Doc. 13) and for leave to file a first amended complaint (Doc. 16), and the motion of defendant Herbert W. Vincent to dismiss plaintiff's complaint (Doc. 14). Arguments on these motions were heard on February 6, 2019.

When the original complaint was filed, the case was assigned to the undersigned magistrate judge pursuant to the Court's random assignment process. Pursuant to E. D. Mo. Local Rule 2.08, the case was referred to a magistrate judge for the exercise of plenary authority to the extent authorized by law, including 28 U.S.C. § 636. (Doc. 4). Under § 636(c)(1), if all parties in the action consent thereto, the assigned magistrate judge may determine all non-dispositive and dispositive matters, including the entry of judgment following trial. Otherwise, under § 636(b), the magistrate judge is limited to determining non-dispositive matters and recommending the determination of dispositive matters, such as motions to dismiss a case involuntarily. 28 U.S.C. § 636(b)(1)(A). Without the § 636(c) consents of *all* parties, including those who have entered the case and those who have not, the dispositive matters must be decided ultimately by a district judge.

Defendant Medical Weight Loss Centers, LLC, cannot have consented to a magistrate judge exercising plenary authority under § 636(c), because that party has not entered the case. Therefore, the undersigned has taken up plaintiff's motion for leave to file an amended complaint on its merits, because it is a non-dispositive matter, and recommends a decision on defendant's motion to dismiss, because it is a dispositive matter.

<u>Motion for leave to file amended complaint</u>

Plaintiff commenced this action by filing its complaint for declaratory judgment on September 17, 2018. It invokes the diversity of citizenship subject matter jurisdiction granted this Court by 28 U.S.C. § 1332, alleging that it is an Illinois corporation and that defendant Medical Weight Loss Centers, LLC, is a corporate citizen of Missouri and that defendant Herbert W. Vincent likewise is a citizen of Missouri, and that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

Plaintiff alleges the following facts. It issued the business insurance policy, which is attached to the complaint, to Centers, covering the period February 27, 2016, through February 27, 2017. The named insured is defendant Medical Weight Loss Centers, LLC. On December 7, 2017, defendant Vincent sued Centers and four others in the Circuit Court of St. Louis County ("state court suit"). The state court suit seeks monetary damages, both compensatory and punitive, due to false and misleading statements made by "agents and representatives" of Centers. Centers requested that plaintiff Country Mutual Insurance Company defend and indemnify it for defendant Vincent's claims in the state court suit. Plaintiff alleges that its insurance policy does not cover the claims alleged in the state court suit. Plaintiff alleges that the dispute between it and defendants in the federal suit is ripe for decision because Centers has demanded defense and indemnification. Plaintiff seeks a declaration of this Court that it is not obligated under its policy to defend or indemnify Centers for the claims in the state court suit. (Doc. 1).

By its proposed first amended complaint, plaintiff Country Mutual alleges that defendant Vincent filed an amended petition in the state court suit and that the claims made in the state court suit remain outside the coverage of the policy it issued to Centers.

It alleges that "[a] justiciable controversy exists between [it] and [Centers]" over whether it is obligated by the policy to defend or indemnify Centers. (Doc. 16-1).

Defendant Herbert W. Vincent has not objected to plaintiff's filing its first amended complaint. "The court should freely give leave [to amend] when justice so requires." F. R. Civ. P. 15(a)(2). The Court grants the motion to file the first amended complaint.


<u>Motion to dismiss</u>

The filing of the first amended complaint does not moot the issue presented by defendant's motion to dismiss. Defendant argues that plaintiff's claim for declaratory relief is not ripe for decision because the state court suit is ongoing. Plaintiff argues that a justiciable controversy currently exists between it and Centers. In this diversity action, the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), applies. A federal district court exercising diversity jurisdiction looks to the law of the forum state, including choice of law rules. 28 U.S.C. § 1652; *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Nationwide Mut. Ins. Co. v. Harris Medical Ass'n., LLC,* 2013 WL 5532691 at *2 (E. D. Mo. 2013). More specifically, the Court is bound by the decisions of the Missouri Supreme Court, although indications of how the Supreme Court of Missouri would rule on an issue may be indicated by decisions of the Missouri Court of Appeals. *Owners Ins. Co. v. Hughes*, 712 F.3d 392, 393 (8th Cir. 2013).

Plaintiff and defendant Vincent argue over whether the insurance coverage dispute is "ripe" or an existing "justiciable controversy" that ought to be decided now or at another time. To decide this issue, the Court must look to the applicable rules of decision under the substantive law of Missouri. Generally a liability insurer has two important duties under its policy, to defend the insured against claims covered by the policy and to indemnify the insured for a covered claim reduced to judgment. *Piatt v. Indiana Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 792 (Mo. 2015) (en banc); *Allen v. Continental Western Ins. Co.,* 436 S.W.3d 548, 553 (Mo. banc 2014).

Under Missouri law, the duty to defend is broader than the duty to indemnify.  The Missouri Supreme Court has described the duty to defend thus:

> [I]t arises only when there is a *possibility* or *potential* for coverage at the outset of the case.  It hinges on facts:  "(1) alleged in the petition; (2) the insurer knows at the outset of the case ; or (3) that are reasonably apparent to the insurer at the outset of the case."  Unless these facts support some reasonably apparent theory of recovery against the insured that would give rise to coverage, the insurer has no duty to defend.

*Piatt v. Indiana Lumbermen's Mut. Ins. Co.*, 461 S.W.3d *at* 792 (quoting and citing *Allen,* 436 S.W.3d at 553, 553 n. 4).

In a similar procedural context in a case where the insurer brought a federal action for a declaratory judgment, the United States District Court for the Western District of Missouri considered the pendency of the underlying state court action and determined that it was obligated to decide a justiciable dispute that was within its subject matter jurisdiction, citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).  *AMCO Ins. Co. v. N.O.* 2018 WL 3463289 at *2 (W. D. Mo. 2018).  That district court determined that its action would "serve at least one purpose that cannot be served in the state court action: ascertaining [the insurer's] obligation to continue defending [the insured], thereby resolving uncertainty surrounding that issue."  *Id.  See also Nationwide Mut. Ins. Co. v. Harris Medical Ass's., LLC,* 2013 WL 5532691 at *3 (E. D. Mo. 2013) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)).

Given that under Missouri law the determination of whether a liability insurer has a duty to defend an insured ought to be made at the outset of the underlying suit, it is plain that there is an existing case or controversy and ripeness sufficient to withstand defendant Vincent's motion to dismiss.

## Motion for default judgment

On plaintiff's motion for a default judgment against defendant Medical Weight Loss Centers, LLC, it appears service of the summons was made on this defendant on November 28, 2018.  (Doc. 12).  Defendant needed to file an answer within 21 days

thereafter.  F. R. Civ. P. 12(a)(1)(A)(i).  No response to the summons has been filed with the Clerk of the Court to date, well past the 21-day period.  Therefore, the undersigned recommends that a default judgment be issued by the Court.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff for leave to file its first amended complaint for declaratory judgment (Doc. 16) **is sustained.  The Clerk shall file as a separate document the proposed first amended complaint and exhibits attached thereto (Docs. 16-1, 16-2, and 16-3).**

**IT IS FURTHER ORDERED** that the Clerk reassign this case to a District Judge by the random selection process.

**IT IS HEREBY RECOMMENDED** that the motion of plaintiff for a default judgment against defendant Medical Weight Loss Centers, LLC, (Doc. 13) **be sustained.**

**IT IS FURTHER RECOMMENDED** that the motion of defendant Herbert W. Vincent to dismiss plaintiff's complaint for declaratory judgment (Doc. 14) **be denied.**

The parties are advised they have 14 days to file an objection to this Order and Recommendation.  The failure to file a timely objection may waive the right to appeal issues of fact.


_____
    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on February 8, 2019.

5