# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:18-CV-01560-JAR<br>) |
| MEDICAL WEIGHT LOSS CENTERS, LLC, et al., | )<br>)<br>) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Medical Weight Loss Centers, LLC's objection to the Magistrate Judge's order and recommendations or, in the alternative, motion to stay (Doc. No. 27); Plaintiff's motion for default judgment (Doc. No. 13); Defendant Herbert W. Vincent's motion to dismiss (Doc. No. 14); and Plaintiff's motion to file a second amended complaint (Doc. No. 26). For the reasons set forth below, the Magistrate Judge's Order and Recommendations will be adopted in part; Plaintiff's motion for entry of default judgment will be denied without prejudice; Defendant Herbert W. Vincent's motion to dismiss will be denied; and Plaintiff's motion to file a second amended complaint will be granted.

**I.    Background**

Plaintiff Country Mutual Insurance Company ("Country Mutual") brings this lawsuit against Defendants Herbert W. Vincent ("Vincent") and Medical Weight Loss Centers seeking a declaration of this Court that it is not obligated under its policy to defend or indemnify its

1

insured, Medical Weight Loss Centers, in a state court lawsuit seeking damages for allegedly false and misleading statements made by its agents and representatives.

On December 28, 2018, Country Mutual filed a motion for default judgment against Medical Weight Loss Centers for its failure to answer or otherwise appear. (Doc. No. 13).[1] On December 31, 2018, Defendant Vincent filed a motion to dismiss on the basis that the declaratory action is not ripe for adjudication. Specifically, Defendant Vincent argues that an insurer's indemnity obligation cannot be determined until after a suit against the insured is concluded, and thus, there is no case or controversy before the Court. (Doc. No. 14).

On February 8, 2019, Magistrate Judge Noce granted Country Mutual's motion for leave to file an amended complaint and recommended that Plaintiff's motion for default judgment be granted. As to Defendant Vincent's motion to dismiss, Magistrate Judge Noce held that under Missouri law, the determination of whether a liability insurer has a duty to defend the insured ought to be made at the outset of the underlying suit. Accordingly, he recommended that Defendant Vincent's motion to dismiss be denied.

The case was thereafter reassigned to the undersigned, and, on February 13, 2019, Country Mutual filed a motion for leave to file a second amended complaint based on changes in the underlying state court lawsuit. (Doc. No. 26). On February 18, 2019, Defendant Vincent filed an objection to the Magistrate Judge's Order and Recommendation solely as to the issue of ripeness. He argues that this lawsuit is not ripe because the underlying state court action was in its early stages and the nature of the underlying state court lawsuit was changing and impacted the determination of coverage issues in this case. In the alternative, Defendant Vincent asks that the case be stayed "in order to get clarity of any liability in the underlying case." (Doc. No. 27 at

---

[1] The Court notes that Country Mutual did not file any affidavits or evidence in support of the motion, including evidence of costs it seeks to recover against Medical Weight Loss Centers.

2

6). Defendant Vincent did not file any opposition to Country Mutual's motion for leave to file a second amended complaint.

## II. Discussion

In the insurance policy coverage context, a declaratory judgment action is ripe irrespective of whether the underlying litigation is ongoing or resolved. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 934 (8th Cir. 2010). This is because the insured has made a demand on the insurer, and the insurer contends it does not owe a defense to the insured. *Id.* Thus, the issue of whether the insurer must defend and indemnify an insured makes the dispute real and immediate, rather than abstract. *Robinson v. Hillard*, No. 4:15CV00503 ERW, 2015 WL 7737296, at *3 (E.D. Mo. Dec. 1, 2015).

In his Order and Recommendation, Magistrate Judge Noce cites to well-established federal and Missouri precedent when recommending denial of Defendant Vincent's motion to dismiss. Upon careful consideration, the Court adopts the reasoning of the Order and Recommendation, overrules Defendant Vincent's objection, and denies the motion to dismiss. Further, the Court will grant Country Mutual's unopposed motion for leave to file a second amended complaint.

However, the Court will not grant Country Mutual's motion for default judgment because Country Mutual has failed to file a motion for Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). *Acuity Ins. Co. v. Jones*, No. 4:11CV2041 AGF, 2013 WL 1192764, at *1 (E.D. Mo. Mar. 22, 2013) ("The entry of default by the Clerk of Court pursuant to Fed. R. of Civ. P. 55(a) is a prerequisite to the grant[ing] of a default judgment under Rule 55(b)(2) . . ."). Thus, the Court will deny without prejudice Country Mutual's motion for default judgment.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Noce's Order and Recommendation filed on February 8, 2019 is **SUSTAINED, ADOPTED, AND INCORPORATED** in part, as set forth in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment as to Defendant Medical Weight Loss Centers, LLC (Doc. No. 13) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Defendant Vincent's motion to dismiss (Doc. No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to file a second amended complaint (Doc. No. 26) is **GRANTED**. The Clerk of Court shall detach the proposed second amended complaint (Doc. No. 26-1) and its exhibits (Doc. Nos. 26-2 and 26-3) and docket them as Plaintiff's Second Amended Complaint.

A Rule 16 Conference will be set by separate order.

Dated this 17th day of April, 2019.

                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**