UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:18-CV-01560-JAR |
| MEDICAL WEIGHT LOSS CENTERS, LLC, JAMES A. BRIGGS, HERBERT W. VINCENT, and AAMER S. MASSAY, | ) ) ) ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Country Mutual Insurance Company's motion for default judgment as to Defendants Medical Weight Loss Centers, LLC, and James A. Briggs (Doc. No. 51) and motion to approve consent judgment (Doc. No. 52).

**I.     Background**

Plaintiff Country Mutual Insurance Company ("Country Mutual") brings this lawsuit against Defendants Herbert W. Vincent ("Vincent"), Aamer S. Massay ("Massay"), James A. Briggs ("Briggs"), and Medical Weight Loss Centers, LLC ("MWLC") seeking a declaration of this Court that it is not obligated under its policy to defend or indemnify its insured, MWLC, Briggs, or Massay in a state court lawsuit filed by Vincent seeking damages for allegedly false and misleading statements made by MWLC's agents and representatives to induce Vincent to pay $19,000 for stem cell treatments.

Country Mutual made proper service on Vincent on September 22, 2018 (Doc. No. 6); MLWC on November 28, 2018 (Doc. No. 12); Massay on April 22, 2019 (Doc. No. 34); and Briggs on May 31, 2019 (Doc. No. 44). Massay and Vincent filed answers (Doc. Nos. 41 and 42), and Massay filed a cross claim for negligence against Briggs (Doc. No. 43).

On August 8, 2019, Country Mutual filed a motion for Clerk's entry of default judgment as to MWLC and Briggs, and the Clerk's entry of default judgment was entered on August 30, 2019. (Doc. Nos. 46 and 49). Thereafter, Country Mutual filed the instant motion for default judgment as to those Defendants. (Doc. No. 51). Although both motions were served on MWLC and Briggs, they filed no response. To date, MWLC and Briggs have failed to plead or otherwise defend against the second amended complaint for declaratory judgment, as provided in the Federal Rules of Civil Procedure. Thus, all allegations contained in Country Mutual's second amended complaint are deemed admitted. *Acuity Ins. Co. v. Jones*, No. 4:11CV2041 AGF, 2013 WL 1192764, at *1 (E.D. Mo. Mar. 22, 2013).

On December 17, 2019, Country Mutual filed a motion for entry of final judgment, indicating that Vincent and Massay reached an agreement with Country Mutual to resolve its claims against them. (Doc. No. 52). As part of that agreement, Country Mutual, Vincent, and Massay agreed to an entry of judgment which provides in part that Country Mutual has no duty or obligation to defend or indemnify MWLC, Massay, or Briggs under the policy of insurance issued to MWLC in the action pending in state court. Country Mutual also requests that default judgment against Briggs and MWLC be made final.

### II.     Discussion

The entry of default by the Clerk of Court pursuant to Fed. R. of Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b)(2), but whether to grant default

judgment is a separate question within the discretion of the Court. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir.2010) (internal quotation omitted). After default has been entered, the defendant is deemed to have admitted all well pleaded factual allegations in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir.2010); see also Fed. R. Civ. P. 8(b)(6) (stating that any "allegation other than one relating to the amount of damages is admitted if a responsive pleading is required and the allegation is not denied").

Nonetheless, before the Court may enter a default judgment setting forth the declaration Country Mutual seeks, it must be satisfied, on the basis of the sufficiency of the second amended complaint and the substantive merits of Country Mutual's claim, that "the unchallenged facts constitute a legitimate cause of action." *See Murray*, 595 F.3d at 871 (internal quotation omitted). At that juncture, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998)). "[A]lthough the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree." *Ohio Cent. R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890).

Upon consideration of the second amended complaint and the substantive merits of Country Mutual's request for declaratory judgment, the Court concludes that Country Mutual's second amended complaint adequately alleges and supports the declaratory relief sought. Therefore, the entry of a default judgment pursuant to Rule 55(b)(2) is proper here. Further, the Court concludes that entry of declaratory judgment against Vincent and Massay, pursuant to the

agreement reached by parties, is appropriate. However, the Court notes that the agreement between the parties does not address the cross claim pending against Briggs, and it will direct Massay to file a notice with the Court indicating whether he intends to pursue or voluntarily dismiss his cross claim.

**III. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Country Mutual Insurance Company's motion for default judgment (Doc. No. 51) is **GRANTED**.

**IT IS FURTHER ORDERED** that Country Mutual Insurance Company's motion to approve consent judgment. (Doc. No. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before **December 31, 2019**, Defendant Aamer S. Massay shall file a notice with the Court advising whether he intends to pursue his cross claim against Defendant James A. Briggs.

A separate judgment shall accompany this Memorandum and Order.

Dated this 20th day of December, 2019.

                                        /s/ John A. Ross
                                        **JOHN A. ROSS**
                                        **UNITED STATES DISTRICT JUDGE**